# EXHIBIT "A-1"

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

CAUSE NO. 16-05-33104-MCV

| | | |
|---|---|---|
| JAVIER SANCHEZ AND DIANA SANCHEZ | ! | IN THE DISTRICT COURT |
| Plaintiffs | ! | |
| vs. | ! | 293RD ____ JUDICIAL DISTRICT |
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, | ! | |
| Defendant | ! | MAVERICK COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW JAVIER SANCHEZ AND DIANA SANCHEZ, Plaintiffs herein, complaining of and about THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, hereinafter referred to as Defendant, and for cause of action would show unto the Court as follows:

Filed at 05/11/2016 12:00:00 AM  Leopoldo Vielma, District Clerk
Maverick County, Texas    BY _____ DEPUTY
PLAINTIFF ORIGINAL PETITION    1038632

### I.
### DISCOVERY CONTROL PLAN

Plaintiff's discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.3.

### II.
### RULE 47C DECLARATION

Plaintiff is seeking monetary relief over $100,000.00 but not less than $200,000.00.

### III.
### PARTIES AND SERVICE

Plaintiffs Javier Sanchez and Diana Sanchez, are individuals residing in Maverick County, Texas.

Defendant THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, is an insurance company licensed to do business in Texas which is hereby sued and in its common name, pursuant to Rule 28 of the Texas Rules of Civil Procedure. Defendant may be served by

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Certified Mail, Return Receipt Requested through its registered agent as follows: Corporation Services Company, 211 E. 7th Street, Ste 620, Austin, Texas 78701.

## IV.
## JURISDICTION AND VENUE

The insurance claim that is the subject of this suit concerns property located in Maverick County, Texas. A substantial part of the cause of action accrued in Maverick County, Texas. Further, the contract of business was purchased in Maverick County, Texas. Therefore, venue is proper in Maverick County, Texas. Jurisdiction is proper before this Court.

## V.
## PRELIMINARY STATEMENT

Plaintiffs bring this action against Defendant for breach of contract, breach of the duty of good faith and fair dealing, breach of Section 541.051 and 541.052 of the Texas Insurance Code, and breach of the Texas Deceptive Trade Practices-Consumer Protection Act, in connection with an insurance policy sold by Defendant and Defendant's refusal to adhere to the terms of the policy.

## VI.
## FACTS

The Defendant insurance company issued an insurance policy naming the Plaintiffs as the insured and insuring the Plaintiffs' premises and contents therein located at 1854 Stafford Dr., Eagle Pass, Maverick County, Texas, against all risks of physical loss to the property among other things. Pursuant to the terms of the homeowner's policy, Plaintiffs had insurance protection on their dwelling. Plaintiffs also had coverage for their personal property.

During the relevant insurance coverage period, the building insurance by Defendant pursuant to the insurance contract sustained significant damage on April 23, 2014 from hailstorms, which besides hail, had strong winds and several inches of rain. The Plaintiffs gave

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

written notice to Defendant advising them of the damage within a reasonable time period. The damage to the home has in effect, rendered the home irreparable and untenantable.

Plaintiffs made timely claims for the damages to their home referenced in the above paragraphs. Their claims were justified by the following facts:

1) The claims made by Plaintiffs for water damage are covered perils under the policy of insurance; and

2) The policy was at all times material to this action in full force and effect.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has wholly failed and refused to pay Plaintiffs in accordance with its contractual obligation. Defendant has further failed to either complete a full-scale investigation of the claims, or determine the scope of the damage to the insured.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

Plaintiffs' causes of action against Defendant includes breach of contract, breach of the duty of good faith and fair dealing, breach of Section 541.051 and 541.052 of the Texas Insurance Code, and breach of the Texas Deceptive Practices-Consumer Protection Act. Plaintiffs notified Defendant of the damages sustained in their home. Although all conditions precedent to Defendant's obligation to pay Plaintiffs' loss under the policy of insurance were performed or did occur, Defendant has failed and refused to pay Plaintiffs' claims in accordance with the policy of insurance. Defendant's delay in paying the claims in their entirety is unreasonable, unlawful, and actionable, and the producing and proximate cause of the harm suffered by the Plaintiffs, as more fully set forth below.

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## VIII.
## FIRST CAUSE OF ACTION
## UNFAIR CLAIM SETTLEMENT PRACTICE: SECTION 541.051 AND 541.052

Plaintiffs have a direct cause of action against Defendant under the Texas Insurance Code. At the time of the events leading up to the instant lawsuit, Defendant was and is still engaged in the business of insurance, as that term is defined by law and as it is contemplated by this statute.

After having received notice of the Plaintiffs' loss, loss covered by the contract of insurance, Defendant engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Section 541.051 and 541.052 of the Texas Insurance Code, including but not limited to:

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claim once Defendant's liability became reasonably clear.

Additionally, Defendant violated the Texas Insurance Code by engaging in deceptive conduct as set out in the Texas Deceptive Trade Practices-Consumer Protection Act. Specifically, Defendant violated the following sections: 17.46(b)(5) of the Texas Deceptive Trade Practices-Consumer Protection Act by representing that the homeowner's policy had benefits that it did not have; 17.46(b)(7) by representing that the homeowner's policy was of a particular standard or grade when it was actually of another; 17.46(b)(12) by representing that the policy of insurance conferred rights and remedies which it did not involve; and 17.46(b)(23) by failing to disclose information concerning the policy and services that would be provided under the policy, when such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

As a proximate result of Defendant's tortuous conduct, Plaintiffs have been damaged in an amount within the Court's jurisdiction. Plaintiffs have further incurred costs in having to employ the undersigned attorney to prosecute this action, for which they should also be compensated.

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Finally, the above-described acts, and conduct were knowingly committed by Defendant triggering the mandatory trebling provisions of this statute.

## IX.
### SECOND CAUSE OF ACTION AGAINST DEFENDANT
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

By virtue of the insurer/insured relationship that was created by the contract of insurance into which Plaintiffs and Defendant entered, Plaintiffs are entitled to make a direct claim against Defendant pursuant to the terms and policy. The special relationship between the parties to the contract imposed duties upon Defendant to act in good faith and to deal fairly with Plaintiffs. These duties were prescribed in the contract when it was consummated. However, from and after the time Plaintiffs' claims were presented to Defendant, it failed and refused, without good cause, to properly investigate Plaintiffs' claims and pay the damages as the policy required.

Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiffs will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased estimates to avoid paying claims.

Consequently, Defendant breached its duty to deal fairly and in good faith with Plaintiffs. As a proximate result of Defendant's tortuous conduct, Plaintiffs have been damaged in an amount within the Court's jurisdiction.

Defendant's breach was aggravated by the kind of malice and/or fraud for which the imposition of exemplary damages is justified. Defendant's conduct comprising the breach involved an extreme degree of risk of potential harm to the Plaintiffs and to their occupants of the home and despite the fact that Defendant was actually and subjectively aware of the risk involved, it proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs. Defendant's conduct comprising the breach of duty also including the making of a material representation that was false and either known by Defendant to be false or made as a

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

positive assertion with reckless disregard for truth. Defendant intended that the representation would be relied upon by the Plaintiffs and in fact, Plaintiffs did rely on the representation and suffered harm as a result. Plaintiffs, therefore, seeks exemplary damages in an amount to be asserted by the trier of fact.

## X.
## THIRD CAUSE OF ACTION AGAINST DEFENDANT
## FAILURE TO COMPLY WITH PROMPT PAYMENT
## STATUTE: SECTION 541.001, ET SEQ.

Plaintiffs timely notified Defendant of water damage to their home. Then within a reasonable time period, gave written notice to Defendant of several specific claims as a result of the water damage. Defendant failed to timely investigate and pay the claims made by Plaintiffs within the time periods prescribed by Section 542.001 et seq. of the Texas Insurance Code.

As a proximate result of Defendant's tortuous conduct, Plaintiffs have been damaged in an amount within the Court's jurisdiction. Plaintiffs are entitled to recover the amount of the claims and the additional sum of 18 percent annum of the amount of the claims until the day before the judgment for Plaintiffs is signed, plus reasonable attorney's fees.

## XI.
## FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY –
## BREACH OF CONTRACT

The homeowner's insurance policy issued by Defendant to Plaintiffs, constitute a written contract, the terms of which were to be fulfilled by both parties. Under the terms of this agreement, Defendant agreed to provide Plaintiffs with benefits for any claim covered by the policy. The contract of insurance was in full force and effect during all relevant times. During the policy period, specifically on April 23, 2014, Plaintiffs' home sustained serious water and storm damage upon which Plaintiffs' claim are based and Plaintiffs gave Defendant notice of their claims.

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

In return for Defendant's agreement to provide coverage, Plaintiffs agreed to timely pay their insurance premiums and to notify Defendant of any claims being asserted against it. Plaintiffs fully performed the duties impose by the contract. Additionally, the circumstances surrounding the water damage of the insured's residence conform to the requirements of a compensable claim as contemplated by the insurance contract. Defendant in violation of its obligation and promises under the homeowner's policy, wrongfully refused to provide Plaintiffs with coverage of their claims. As a proximate result of Defendant's breach of its obligation under the policy, Plaintiffs have suffered actual damages.

Additionally, Plaintiffs have had to secure the services of the undersigned attorney to prosecute this action, for which they also seeks compensation.

## XII.
## FIFTH CAUSE OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

Plaintiffs purchased homeowner's insurance from Defendant and is therefore, qualified as a consumer, as that term is defined by the Texas Deceptive Trade Practices-Consumer Protection Act. Defendant violated various provisions of Section 17.46(b) of the Texas Deceptive Trade Practices-Consumer Protection Act, by:

1. representing that the homeowner's policy had benefit that it did not have, in violation of section 17.46(b)(5);

2. representing that the homeowner's policy was of a particular standard or grade when it was actually of another, in violation of section 17.46(b)(7);

3. representing that the policy of insurance conferred rights and remedies which it did not involve, in violation of section 17.46(b)(12); and

4. failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was known at the time of the transaction and failure to disclose such information was intended to induce Plaintiffs into a transaction into which they would not have entered had the information been disclosed, in violation of section 17.46(b)(23).

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Defendant's conduct, as described herein, was producing cause of damages to Plaintiffs. In addition, because such conduct involved knowing violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Plaintiffs are entitled to recover additional statutory treble damages.

Plaintiffs are also entitled to recover of the attorney's fees they have incurred by having to employ the undersigned attorney to prosecute this action.

## XIII.
## AGENCY – DOCTRINE OF RESPONDEAT SUPERIOR

Pleading further in the alternative, Plaintiffs allege that the acts of the insurance adjusters, adjusting companies, engineers, plumbers, and other contractors, employees, borrowed employees, agents, servants and other persons asked to perform any task on behalf of Defendant, including adjusters, agents, salespersons, engineers, plumbers, air conditioning contractors, contractors, remediation contractors and all other person so employed, are the acts of authorized or apparently authorized agents of the insurance company for which the equitable principle of *respondeat superior* applies.

Plaintiffs further allege that the insurance carrier has consistently stated, inferred or implied that its agents were employees with actual authority to investigate, adjust and pay the claims. Thus, all such persons are vested with apparent authority which is binding on the Defendant's insurance company and for which the principle of *respondeat superior* applies.

## XIV.
## GROSS NEGLIGENCE

Plaintiffs assert all of the foregoing paragraph and incorporate same by reference. Plaintiffs made Defendant aware of the fact that there was visible water damage in the residence and that the home will become irreparable. Plaintiffs will show that Defendant, at all material times hereto, acted with needless and/or reckless disregard of the right of others, including those of Plaintiffs, and as such, was grossly negligent. Defendant is and has been

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

indifferent to the risk posed to Plaintiffs and their family. Defendant's actions in delaying the claims, failing to adequately identify the scope of loss, and asbestos contaminated building materials, failing to adequately address all sources of water damage, and loss, clearly shows that the Defendant is callously indifferent to the welfare of its insured, the Plaintiffs, and constitutes gross negligence. Such gross negligence constitutes a proximate producing cause of Plaintiffs' damages and exemplary damages should be assessed against the Defendant's insurance company.

## XV.
## DAMAGES

Defendant's conduct was a producing cause of the economic damages incurred by Plaintiffs. Furthermore, Defendant's conduct was a producing cause of mental anguish suffered by Plaintiffs, for which Plaintiffs are entitled to recover damages. The Defendant's act and/or omissions as outlined above have proximately caused damages and injuries to Plaintiffs, including but not limited to the following:

1) the cost of an adequate investigation;

2) the cost of determining the extent of damage;

3) the cost of repair or replacement of any portion of the covered property and consequential damage;

4) the unpaid cost of cleaning, repairing or replacing asbestos contaminated building materials or damaged personal property;

5) the amount of alternative living expenses while the residence will be under repair;

6) the diminution in value of the residence;

7) the physical pain and mental anguish Plaintiffs suffered in the past as a result of the breach of contract by Defendants and the physical pain and mental anguish they will in reasonable probability suffer in the future;

8) the amount of reasonable medical expenses necessarily incurred in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence; and

9) reasonable and necessary attorney's fees in prosecuting this action.

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## XVI.
## JURY DEMAND

Plaintiffs request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## PRAYER

For the above reasons, Plaintiffs request that the Defendant be cited to answer and appear in this cause and after a trial on the merits before a jury, Plaintiffs be awarded damages against Defendant, as follows:

1) The benefits payable under the insurance policy for each claim made the basis of this suit, together with all allowable interest under the law;

2) The diminution in fair market value of the property; if warranted by law;

3) Statutory penalty for utilizing unfair settlement practices in violation of Section 541.051 and 541.052 of the Texas Insurance Code;

4) Statutory penalty for Defendant's failure to comply with the prompt payment provisions of Section 542.001 et seq. of the Texas Insurance Code;

5) Mental anguish damages;

6) The physical pain and mental anguish Plaintiffs suffered in the past as a result of the breach of contract by Defendant and the physical pain and mental anguish they will in reasonable probability suffer in the future;

7) The amount of reasonable medical expenses necessarily incurred by Plaintiffs in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence;

8) Costs of repairs in the abatement of asbestos;

9) Loss of use during repair;

10) Out-of-pocket expenses;

11) Any other actual damages incurred;

12) Treble damages as afforded to Plaintiffs pursuant to the Texas Deceptive Trade Practice Consumer Protection Act;

13) Pre-judgment and post-judgment interest at the highest legal rate as provided by law, until paid;

Electronically Filed at
5/11/2016 11:21:12 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

14) Reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code and/or the Texas Deceptive Trade Practices-Consumer Protection Act;

15) Costs of suit; and

16) Such other and further relief both in law and in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

Law Office of Juan E. Gonzalez, PLLC
3110 E. Bus Hwy 83
Weslaco, Texas 78596
Tel. (956)447-5585
Fax. (956)447-8637

/s/JUAN E. GONZALEZ
JUAN E. GONZALEZ
STATE BAR NO. 08121800
lawofjeg@aol.com





LEOPOLDO VIELMA
DISTRICT CLERK
500 QUARRY ST. SUITE 5
EAGLE PASS, TX 78852



The Travelers Home and Marine Insurance Co.
By Serving: Corporation Services Company
211 E. 7th Street, Ste 620.
Austin, Texas 78701.

7010 1060 0001 7717 1591